IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,464-02 & 63,464-03






EX PARTE FELIX DELEON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 99-2467 & 99-2469 IN THE 106TH JUDICIAL DISTRICT COURT


FROM LYNN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two
offenses of indecency with a child and sentenced to fifteen years' imprisonment. He did not appeal
his conviction. 

 Applicant contends that his plea was involuntary because he believed the offenses to which
he was pleading guilty were not "3(g)" offenses and asserts that he was not aware of the
consequences of the offense to which he plead. Applicant asserts that he specifically negotiated for
a plea bargain agreement to ensure he did not plead guilty to an offense listed under Texas Code of
Criminal Procedure article 42.12 section 3(g). Applicant has alleged facts that, if true, might entitle
him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id. The
trial court shall also forward any records regarding Applicant's guilty pleas and the admonishments
given prior to the acceptance of the pleas.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his pleas were involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 27, 2006

Do not publish